**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TINA JEWELL PULLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:24-cv-777-CWB** |
| | ) | |
| | ) | |
| **FRANK BISIGNANO,**[1] | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction and Administrative Proceedings**

Tina Jewell Pully ("Plaintiff") filed an application for Disability Insurance Benefits under Title II of the Social Security Act on November 27, 2021—alleging disability onset as of December 29, 2019 due to blindness or low vision, degenerative back disease, arthritis of the back, bulging disc, bone spurs of the back, mania bipolar, and sleep disorder.  (Tr. 12, 68-69).[2] Plaintiff's claims were denied at the initial level on July 5, 2022 and again after reconsideration on November 21, 2023.  (Tr. 12, 82-83, 96, 98, 109).  Plaintiff then requested *de novo* review by an administrative law judge ("ALJ") (Tr. 12, 114).  The ALJ subsequently heard the case on May 28, 2024, at which time live testimony was given by Plaintiff and by a vocational expert. (Tr. 12, 28-51).  The ALJ took the matter under advisement and issued a written decision on June 14, 2024 that found Plaintiff not disabled.  (Tr. 12-22).

---

[1]  Frank Bisignano became Commissioner for the Social Security Administration on or about May 7, 2025 and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]  References to pages in the transcript are denoted by the abbreviation "Tr."

The ALJ's written decision contained the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2024.

2. The claimant has not engaged in substantial gainful activity since December 29, 2019, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: disorders of the skeletal spine, depressive, bipolar, and related disorders; anxiety and obsessive-compulsive disorders, substance addiction disorder (alcohol), substance addiction disorders (drugs), and obesity (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).  Except the claimant can occasionally push and pull with the bilateral upper and lower extremities.  The claimant can occasionally stoop, kneel, crouch, and crawl but never climb ladders, ropes, and scaffolds. The claimant can engage in frequent reaching in all directions and handling bilaterally with the upper extremities.  The claimant must avoid all exposure to hazardous conditions such as unprotected heights and dangerous machinery. The claimant would be restricted to jobs with no more than simple, short instructions and simple work-related decisions with few workplace changes. The claimant can tolerate occasional interaction with the general-public, supervisors, and coworkers.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on June 3, 1970, and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8. The claimant has at limited education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 29, 2019, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 14, 16, 20, 21, 22). On October 9, 2024, the Appeals Council denied Plaintiff's request for review (Tr. 1-6), thereby rendering the ALJ's decision the final decision of the Commissioner. *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

On appeal, Plaintiff asks the court to reverse the final decision and to award benefits or, alternatively, to remand the case for a new hearing and further consideration. (Doc. 1 at p. 2; Doc. 10 at p. 11). As contemplated by 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the exercise of jurisdiction by a Magistrate Judge (Docs. 14 & 15), and the court finds the case ripe for review pursuant to 42 U.S.C. § 405(g) in that Plaintiff's supporting brief (Doc. 10) is construed as a motion for summary judgment and the Commissioner's opposition brief (Doc. 13) is construed as a competing motion for summary judgment. Upon consideration of the parties' respective submissions, the relevant law, and the record as a whole, the court concludes that Plaintiff's motion for summary judgment is due to be denied and that the Commissioner's motion for summary judgment is due to be granted.

## II.    Standard of Review and Regulatory Framework

The court's review of the Commissioner's decision is a limited one. Assuming the proper legal standards were applied by the ALJ, the court is required to treat the ALJ's findings of fact as conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla," but less than a preponderance, "and is such relevant evidence as a reasonable person would accept

as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.") (citations omitted).  The court thus may reverse the ALJ's decision only if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied.  *See Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  Reversal is not warranted simply because the court itself would have reached a different result.  *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  Despite the deferential nature of its review, however, the court must look beyond those parts of the record that support the decision, must view the record in its entirety, and must take account of evidence that detracts from the evidence relied on in the decision.  *See Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986); *see also Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

To qualify for disability benefits and establish entitlement for a period of disability, a person must be unable to:

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[3]  To make such a determination, the ALJ employs a five-step sequential evaluation process:

(1) Is the person presently unemployed?

(2) Is the person's impairment severe?

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?

(4) Is the person unable to perform his or her former occupation?

(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4] *See also* See 20 C.F.R. § 404.1520.

The burden of proof rests on the claimant through step four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant establishes a *prima facie* case of a qualifying disability once he or she has carried the burden of proof from step one through step four. *Id*. At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id*.

In order to assess the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Phillips*, 357 F.3d at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id*. at 1239. To do so, the ALJ can use either the Medical Vocational Guidelines ("grids"),

---

[4] Because the same sequence applies in both, cases arising under Title XVI are appropriately cited as authority in Title II cases, and vice versa. *See, e.g., Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

*see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239-40. The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual, and combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*. at 1240.

### III.   Issues on Appeal

Plaintiff raises one issue on appeal: whether the ALJ properly evaluated her pain.

### IV.   Discussion

Plaintiff argues that the ALJ failed to properly evaluate her pain. (*See* Doc. 10 at p. 5). In determining whether a claimant is disabled, the claimant's symptoms, including pain, are considered to the extent that they are reasonably consistent with objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). The Commissioner will consider a claimant's statements about his or her symptoms, such as pain, and any description that the claimant's medical sources or nonmedical sources may provide about how the symptoms affect the claimant's activities of daily living and ability to work. *Id*. However, a claimant's statements about pain or symptoms alone are not enough to establish the existence of a physical or mental impairment or disability. *Id*.; SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017); *Turner v. Kijakazi*, No. 1:19-CV-774, 2021 WL 3276596, at *9 (M.D. Ala. July 30, 2021) ("[A]n ALJ is not required to accept a claimant's subjective allegations of pain or symptoms."). The regulations set out a two-step process for the evaluation of subjective complaints, such as pain. *Id*.; SSR 16-3p, 2017 WL 5180304 at *3. To establish a disability based on testimony of pain and other symptoms, the claimant must provide evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or pain, or (2) evidence

6

establishing that the objectively determined medical condition could be reasonably expected to give rise to the alleged symptoms or pain. *Carroll v. Soc. Sec. Admin., Comm'r*, No. 6:21-CV-00014, 2022 WL 3718503, at *12 (N.D. Ala. Aug. 29, 2022) (citing *Wilson*, 284 F.3d at 1225); 20 C.F.R. § 404.1529(a)-(b); SSR 16-3p, 2017 WL 5180304 at *3. "Consideration of a claimant's symptoms therefore involves a two-step process, wherein the SSA first considers whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the claimant's symptoms, such as pain." *Mixon v. Kijakazi*, No. 8:20-CV-2991, 2022 WL 2816964, at *3 (M.D. Fla. July 19, 2022); 20 C.F.R. § 404.1529(a)-(b); SSR 16-3p, 2017 WL 5180304 at *2-3.

Once an underlying physical or mental impairment that could reasonably be expected to produce the claimant's symptoms is established, the ALJ must then consider all of the evidence in the record to evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit the claimant's capacity for work. SSR 16-3p, 2017 WL 5180304 at *3-4; 20 C.F.R. §§ 404.1529(a)-(b), 416.929(a)-(b); *Stromgren v. Kijakazi*, No. 3:21-CV-908, 2022 WL 1205347, at *5 (N.D. Fla. Mar. 11, 2022), *report and recommendation adopted*, No. 3:21-CV-908, 2022 WL 1204519 (N.D. Fla. Apr. 22, 2022). In doing so, SSR 16-3p and the regulations require an ALJ to consider certain factors, including: (1) daily activities; (2) location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken; (5) treatment, other than medication, to relieve pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) any other factors concerning functional limitations and restrictions due

to pain or other symptoms. SSR 16-3p, 2017 WL 5180304 at *8-9; 20 C.F.R. § 404.1529(c)(3).[5]

The ALJ also will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between claimant's statements and the rest of the evidence, including the history, signs, and laboratory findings, and statements by treating and non-treating sources or other persons about how the symptoms affect the claimant. 20 C.F.R. § 404.1529(c)(4). "However, Eleventh Circuit case law does not require an ALJ to enumerate every factor in every decision." *Alexander v. Comm'r of Soc. Sec. Admin.*, No. 6:20-CV-01862, 2022 WL 4291335, at *5 (N.D. Ala. Sept. 16, 2022) (citing *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (concluding that the ALJ need not cite to "particular phrases or formulations" but must provide reasons that would enable a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole). If the ALJ discredits a claimant's subjective statements, the ALJ "must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62; *Patterson v. Kijakazi*, No. 8:21-CV-359, 2022 WL 3028058, at *3 (M.D. Fla. Aug. 1, 2022). That is, "[w]here proof of a disability is based upon subjective evidence and a credibility determination is a critical factor in the decision, if the ALJ discredits the claimant's testimony as to his subjective symptoms, the ALJ must either explicitly discredit such testimony or the implication from the ALJ's opinion must be so clear as to amount to a specific credibility finding." *Martinez v. Comm'r of Soc. Sec.*, No. 21-12116, 2022 WL 1531582, at *2 (11th Cir. May 16, 2022) (citing *Foote*, 67 F.3d at 1562). "Subjective complaint credibility is the province of the ALJ." *Williams v. Kijakazi*, No. 2:20-CV-277, 2022 WL 736260, at *2 (M.D. Ala. Mar. 10, 2022) (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014)).

---

[5] In her brief, Plaintiff cites to SSR 96-7p, 1996 WL 374186 (S.S.A. July 2, 1996). However, SSR 16-3p superseded SSR 96-7p, instructing SSA adjudicators to apply SSR 16-3p when making determinations and decisions on or after March 28, 2016. SSR 16-3p, 2017 WL 5180304 at *1.

8

Here, the ALJ's assessment of Plaintiff's pain and other symptoms was supported by substantial evidence.  The ALJ properly set forth the subjective pain standard, citing both the Social Security Administration's regulation and the Eleventh Circuit's standard for evaluating subjective pain:

> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p. The undersigned also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c.
>
> In considering the claimant's symptoms, the undersigned must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical or laboratory diagnostic techniques--that could reasonably be expected to produce the claimant's pain or other symptoms.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities.  For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities.

(Tr. 16-17).

The ALJ then discussed Plaintiff's alleged impairments and allegations of pain and other symptoms.  (Tr. 17-18).  The ALJ observed that Plaintiff's appeals documentation indicated a change in Plaintiff's condition during Summer of 2022, which noted "more severe pain in her back and losing her ability to stand very long or bend over at all and noting a new condition of sleep apnea."  (Tr. 17, 210).  The ALJ noted that in subsequent appeals documentation, Plaintiff indicated in 2023 that she could not carry anything over 5 pounds due to severe back pain, could

hardly put pants on, and needed assistance when putting on and taking off her bra.  (Tr. 17, 232).

The ALJ noted that in a function report Plaintiff alleged that she had physical difficulties with

lifting, squatting, bending, standing, walking, sitting, kneeling, stair climbing, and seeing, as well

as mental difficulties with memory, concentration, understanding, completing tasks, and getting

along with others, and in a subsequent function report Plaintiff alleged the same physical and

mental difficulties but added reaching, hearing, and following instructions.  (Tr. 17, 206, 228).

The ALJ also considered a third-party function report by Plaintiff's husband.  (Tr. 17).  As to

Plaintiff's testimony at the ALJ hearing, the ALJ noted that Plaintiff reported every day pain rated

a 9/10 on the numeric pain intensity scale before taking prescription medications and a 6/10 after

taking prescription medications, that she had been treated with injections, that the injections

were not long lasting, that no surgical intervention had been discussed, and that she complained of

difficulty with activities of daily living.  (Tr. 17, 37-38, 40-41, 43-44).

The ALJ found that Plaintiff's "medically determinable impairments could reasonably

be expected to cause the alleged symptoms." (Tr. 17).  However, in accordance with the SSA's

rules and regulations, the ALJ concluded that Plaintiff's "statements concerning the intensity,

persistence and limiting effects of the[] symptoms [were] not entirely consistent with the medical

evidence and other evidence in the record for the reasons explained in [the ALJ's] decision":

> As for the claimant's statements about the intensity, persistence, and limiting
> effects of her symptoms, they are inconsistent with the medical evidence of record.
> The medical evidence of record documents pain management treatment with
> Dr. Aaron Shinkle of Center For Pain (5F, 8F, 11F, 15F, 18F-19F).  Those records
> show the claimant treated with lumbar transforaminal epidural steroid injections
> and prescription medications result[ing] in good symptom management
> and control with treatment compliance. Specifically, progress notes from
> December 29, 2021, indicate[] that current medication is increasing function, and
> she is able to perform activities of daily living with current treatment.  The claimant
> also reported that her pain is better with a rating of 4/10 on the numeric pain
> intensity level (5F/7).  Progress notes from June 2022 document a post procedure
> pain rating of 3/10 (11F/5).  Records from October 2022 show a 60% relief with

10

radiofrequency ablation and continued improvement in the claimant's ability to perform activities of daily living (15F/2). Most current MRI of the lumbar spine performed on August 16, 2023, revealed multilevel degenerative changes with severe disc desiccation at L1-L2 and L2-L3 and moderate disc desiccation present at L3-L4 and L5-SL (19F/64-65). However, most current progress notes on August 29, 2023, continue to indicate improvement in the claimant's ability to perform activities of daily living on current treatment plan. Notes also indicate a continual reduction in the claimant's pain level to 5/10 (19F/8).

(Tr. 18, 442-48, 551-52, 687-732, 802-905).

The ALJ considered an April 5, 2022 consultative examination conducted by Alan Babb, M.D., which "resulted in impressions for chronic pain disorder, etiology unknown," among other things. (Tr. 18, 540-44). The ALJ observed that Dr. Babb expressed that Plaintiff's issue was chronic back pain but that the cause of her pain was unknown and that Plaintiff's effort and motivation appeared to be severely limited. (Tr. 18, 540-44). The ALJ noted that Dr. Babb did not provide a functional assessment medical source statement via relevant terminology in accordance with 20 C.F.R. § 404.1513(a)(2) and therefore found that the report was inherently neither valuable nor persuasive in accordance with 20 C.F.R. § 404.1520(b). (Tr. 18). The ALJ also considered an April 28, 2022 consultative psychological evaluation conducted by Karen Harrison-Hollinger, Psy.D., Licensed Clinical Psychologist. (Tr. 19, 562). The report noted that Plaintiff's application for disability benefits was due to back pain secondary to arthritis, degenerative disc disease, and bone spurs. (Tr. 562). However, there was no indication that Plaintiff's alleged pain caused any mental impairment. The ALJ noted that evaluation suggested that Plaintiff was unimpaired in her ability to understand, remember, and carry out instructions and moderately impaired in her ability to respond appropriately to supervision coworkers, and work pressures in a work setting. (Tr. 19, 565). The ALJ found that the opinion was persuasive in as much as it was consistent with the findings in the ALJ's decision. (Tr. 19). The ALJ also considered a subsequent psychological evaluation conducted on October 14, 2023 by

11

Keila Shipman, LPC. (Tr. 19, 909). The ALJ noted that Plaintiff reported that she was able to clean and cook and was able to do her own grocery shopping. (Tr. 19, 911). The ALJ noted that an LPC was not an acceptable medical source under the regulations and therefore the opinion was neither inherently valuable nor persuasive. (Tr. 19). The ALJ stated that from an SSR 16-03p perspective, there was an indication that Plaintiff had medical determinable impairments, which appeared generally persuasive, but noted that no functional opinion was provided. (Tr. 19).

The ALJ further discussed the prior administrative medical findings of the State agency medical and psychological consultants and determined that those findings were mostly persuasive. (Tr. 20, 69-82, 84-96). The ALJ found that the opinions were supported by the nature of treatment received:

> In the instant case, medical signs and laboratory findings do substantiate the claimant's physical impairment and [are] supportive that this impairment is capable of producing the alleged pain. However, the undersigned concludes that the claimant's subjective pain complaints are not fully consistent with the evidence and the record supports this inconsistency of subjective complaints versus objective findings on examination. Specifically, comprehensive physical examinations show good strength with normal gait and no walking impairments. Furthermore, they are consistent with the medical evidence of record, which shows no evidence of inpatient psychiatric treatment or hospitalizations.

(Tr. 20). The ALJ further determined:

> Given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by a doctor on her medical team. A review of the records in this case reveals no restrictions recommended by any physician on her medial team. It should be further noted that no physician has placed greater restrictions on the claimant than those adopted herein.

(*Id*.).

The record shows that the ALJ properly considered the entire administrative record in evaluating the consistency of Plaintiff's statements regarding the intensity, persistence, and limiting effects of her pain and adequately articulated reasons for finding Plaintiff's statements to

12

be inconsistent with the record.  The ALJ therefore formulated appropriate RFC restrictions to accommodate the limitations arising from Plaintiff's impairments.  While Plaintiff might cite to some evidence that the ALJ did not specifically discuss, nothing requires the ALJ to discuss every piece of evidence so long as substantial evidence supports the ALJ's decision.  *Coley v. Comm'r of Soc. Sec.*, 771 F. App'x 913, 917 (11th Cir. 2019) ("[T]he ALJ is not required to specifically address every aspect of an opinion or every piece of evidence in the record."); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is 'not enough to enable [the district court ... ] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.'") (citation omitted); *Gogel v. Comm'r of Soc. Sec.*, No. 2:20-CV-366, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021) ("The ALJ is under no obligation to 'bridge' every piece of evidence he finds inconsistent with a specific opinion. ...  Nothing requires the ALJ to discuss every piece of evidence so long as the decision does not broadly reject evidence in a way that prevents meaningful judicial review.") (citations omitted).  Further, while Plaintiff cites evidence that she believes supports her subjective complaints or contradicts the ALJ's assessment (Doc. 10 at p. 7), that is not enough to obtain a remand when, as here, substantial evidence supports the ALJ's decision.  *Crawford*, 363 F.3d at 1158-59; *Mitchell*, 771 F.3d at 782.

"[A]n ALJ is not required to accept a claimant's subjective allegations of pain or symptoms."  *Turner*, 2021 WL 3276596 at *9; 20 C.F.R. § 404.1529(a) ("[S]tatements about [a claimant's] pain or other symptoms will not alone establish that [a claimant is] disabled.").  Here, the ALJ properly evaluated Plaintiff's subjective complaints in light of the evidence of record, and the ALJ sufficiently cited evidence in the record for finding that Plaintiff's statements

13

were not entirely consistent with the record as a whole. Credibility determinations are the province of the ALJ, and a clearly articulated credibility finding supported by substantial evidence will not be disturbed by. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) (explaining that the appropriate question for a reviewing court "is not ... whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."). "To the extent Plaintiff disagrees with the ALJ's interpretation of th[e] evidence, that is not a ground for remand." *Horne v. Comm'r of Soc. Sec.*, No. 2:20-CV-181, 2021 WL 3023679, at *5 (M.D. Fla. June 28, 2021), *report and recommendation adopted*, No. 2:20-CV-181, 2021 WL 3022727 (M.D. Fla. July 16, 2021) (citing *Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014)); *Mitchell*, 771 F.3d at 782 ("'We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner.' 'If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it.'") (citations omitted). Accordingly, the court finds that the ALJ's evaluation of Plaintiff's subjective statements was supported by substantial evidence.[6]

## V.    Conclusion

After carefully and independently reviewing the record, and for the reasons stated above, the court concludes as follows:

---

[6] Because the ALJ properly considered Plaintiff's pain in formulating Plaintiff's RFC, Plaintiff's argument (Doc. 10 at pp. 9-10) regarding the potential vocational impact of additional limitations based on Plaintiff's pain is irrelevant. *Borges v. Comm'r of Soc. Sec.*, 771 F. App'x 878, 882-83 (11th Cir. 2019) ("[A]n ALJ need not include findings in the hypothetical that the ALJ finds to be unsupported ... . [B]ecause Borges's RFC, which is supported by substantial evidence ... matched the ALJ's first hypothetical question at the hearing, he did not need to rely on these more restrictive hypotheticals.") (citations omitted); *Crawford*, 363 F.3d at 1161 (stating that an ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported"); *Zoslow v. Comm'r of Soc. Sec.*, 778 F. App'x 762, 764 (11th Cir. 2019).

- that Plaintiff's motion for summary judgment (Doc. 10) is due to be **DENIED**;

- that the Commissioner's motion for summary judgment (Doc. 13) is due to be **GRANTED**; and

- that the Commissioner's decision is due to be **AFFIRMED**.

A separate judgment will issue.

       **DONE** this the 9th day of March 2026.

                                    _____
                                    **CHAD W. BRYAN**
                                    **UNITED STATES MAGISTRATE JUDGE**